| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------- X<br>　　　　　　　　　　　　　　　　　　　　　　:<br>BRIAN LEHMAN,　　　　　　　　　　　　　 :<br>　　　　　　　　　　　Plaintiff,　　　　　　 :<br>　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　- against -　　　　　　　　　　　 :<br>　　　　　　　　　　　　　　　　　　　　　　:<br>BRIAN TITTERTON, FRANSCICO MARIA, :<br>and UNKNOWNS 1-5,　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　Defendants.　　　　　 :<br>-------------------------------------------------------- X | | C/M<br><br><br><br>**ORDER**<br><br>18-cv-0914 (BMC) (LB) |

*Pro se* plaintiff Brian Lehman filed this action on February 12, 2018, alleging that the two named defendants (who are or were police officers) entered his apartment without a warrant or his consent and detained him in his kitchen for approximately two hours. The complaint sought compensatory damages and other relief.

On March 29, 2018, defendant Titterton moved to dismiss the complaint. The Court directed plaintiff to file any opposition to the motion by April 13, 2018.

On April 2, 2018, plaintiff filed a motion to dismiss the case under Federal Rule of Civil Procedure 41(a). The motion quotes the language of Rule 41(a)(1)(A)(i), which permits a plaintiff to dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. In this filing, plaintiff also moved the Court to seal the docket, remove the parties' names from PACER, and direct the City of New York to destroy documents obtained through the § 160.50 release.

Rule 41(a)(1)(A)(i) permits a plaintiff to voluntarily dismiss an action without court order. A notice of voluntary dismissal under Rule 41 is self-executing; the Court need not approve or "so order" a notice that meets Rule 41(a)(1)(A)(i)'s requirements. See Thorp v. Scarne, 599 F.2d 1169, 1176 (2d Cir. 1979). But a notice of voluntary dismissal under Rule

41(a)(1)(A)(i) must be unconditional; the Rule does not permit a party or the Court to dictate terms or conditions of such a voluntary dismissal.  See, e.g., Horton v. Trans World Airlines Corp., 169 F.R.D. 11, 15 (E.D.N.Y. 1996).  Rule 41(a)(2), on the other hand, permits the court to dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper."

As described above, plaintiff filed a motion to dismiss, not a notice of dismissal, and his motion appears to condition his voluntary dismissal on receiving other relief from the Court.  The Court hereby construes his motion as one under Rule 41(a)(2), moving the Court to voluntarily dismiss his case, to seal the docket, and to order the City of New York to destroy all documents obtained through the § 160.50 release, including copies of the CCRB report.

Rule 41(a)(2) permits the dismissal of a case "at the plaintiff's request only by court order, on terms that the court considers proper."  The Court cannot conclude that some of plaintiff's proposed terms – specifically, sealing the docket and having the parties' names removed from PACER – are proper, and therefore his motion to dismiss the case is denied.

The public has a qualified First Amendment right to access civil proceedings, Westmoreland v. Columbia Broad. Sys., Inc., 752 F.2d 16, 23 (2d Cir. 1984), which includes a right to inspect docket sheets.  See Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004).  There is also a common-law tradition of public availability of judicial records.  See id. at 94-95 & n.4.  The presumption against sealing can be rebutted "upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest."  Hartford Courant Co., 380 F.3d 83, 96 (2d Cir. 2004) (internal quotation marks and citation omitted).  "Broad and general findings" are not sufficient to justify closure.  In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987).

The only reason plaintiff proposes for sealing the docket and removing the parties' names from PACER is "to protect privacy and prevent prejudice to the parties."  Such a conclusory statement is not enough to overcome the presumption of public access.[1]

Plaintiff's motion to dismiss [10] is therefore DENIED.  If plaintiff wishes to dismiss the case unconditionally, he may file a notice of dismissal without conditions any time before the defendants answer or move for summary judgment.

Plaintiff's time to oppose defendant Titterton's motion to dismiss is hereby extended to May 4, 2018.  <u>If plaintiff fails to oppose the motion before then, this case may be dismissed</u>.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
        April 20, 2018

---

[1] However, this presumption of public access that applies to the docket itself and to judicial documents does not generally apply to discovery materials.  The Court therefore would grant a motion to dismiss directing the City of New York to destroy the copies of documents it obtained through the § 160.50 release signed by plaintiff in this litigation, if plaintiff files such a motion.