UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                                 :

BRIAN LEHMAN,                          :

                     Plaintiff,        :          **ORDER**

                                                 :

             - against -            :          18-cv-0914 (BMC) (LB)

                                                 :

BRIAN TITTERTON, FRANSCICO MARIA,       :
and UNKNOWNS 1-5,                    :

                                                 :

                       Defendants.      :
--------------------------------------------------------- X

**COGAN, J**:

    *Pro se* plaintiff Brian Lehman[1] filed this action on February 12, 2018, alleging that the two named defendants (who are or were police officers) violated the Fourth and Fourteenth Amendments by entering his apartment without a warrant in spite of his express refusal and detaining him in his kitchen.  Plaintiff's complaint seeks, among other relief, a declaratory judgment stating that defendants violated his constitutional rights and compensatory damages. Plaintiff has since withdrawn the claim against Officer Maria and waived his request for compensatory damages.

    Taking the facts alleged in the complaint and in the Civilian Complaint Review Board report as true (accepting plaintiff's version as recounted in the report)[2] and drawing all reasonable inferences in plaintiff's favor, plaintiff alleges the following.

---

[1] Courts generally read *pro se* submissions liberally and interpret them to raise the strongest arguments they suggest, but here plaintiff *pro se* is an attorney, so that the same degree of solicitude does not apply.  See Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010).

[2] Plaintiff's complaint relies on and incorporates the findings of the report produced by the Civilian Complaint Review Board after plaintiff filed a complaint based on the incident that is the subject of this suit.  Defendant Titterton attached a copy of the report to his motion to dismiss.  Under Federal Rule of Civil Procedure 10(c), the Court may consider materials not attached to the complaint but incorporated in it by reference (or, even if not incorporated by reference, those which are integral to the complaint), without converting the motion to one for summary judgment.  See L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011).

On February 13, 2015, plaintiff's then-wife went to the 108th Precinct stationhouse and asked the police to escort her while she retrieved her belongings from the apartment in Queens that she and plaintiff had shared.  At the time, the couple was in the process of divorce; plaintiff's wife had moved out five weeks earlier.  Plaintiff's wife had an order of protection against plaintiff at the time she requested a police escort, and plaintiff had been arrested for allegedly assaulting her the day before.

Defendant Police Officers Titterton and Maria accompanied plaintiff's wife to plaintiff's apartment and knocked on the door.  Plaintiff told the officers that they could not enter without a warrant.  During a brief conversation through the closed door, Officer Titterton told plaintiff that if he did not open the door, he would take plaintiff to Bellevue Hospital for "acting crazy." Plaintiff attempted to lock the door, but mistakenly unlocked it, allowing the officers to enter with plaintiff's wife.  Plaintiff's wife collected her belongings while Officer Titterton spoke to plaintiff in the kitchen.  While the officers were inside his apartment, plaintiff told them approximately 25 times that they did not have a warrant and that they needed to leave.  At one point, Officer Titterton asked plaintiff's wife if plaintiff was always "this nuts."  After plaintiff's wife retrieved all of her belongings, she and the officers left the apartment.

After this incident, plaintiff filed a complaint with the Civilian Complaint Review Board. The CCRB concluded that Officer Maria had abused his authority by unlawfully entering plaintiff's apartment but did not make any findings as to Officer Titterton because he resigned after the CCRB charges were filed.  Plaintiff then filed this federal action.

Officer Titterton moved to dismiss the case, arguing that plaintiff's wife's consent for the officers to enter was enough because she had apparent authority to give consent, and in the

2

alternative, that plaintiff's wife's status as a suspected domestic-violence victim meant that the officers' entry was lawful despite plaintiff's objection.

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Normally, if one tenant who is physically present at a residence expressly refuses to allow police to enter or search the residence, the police may not enter or search unless they have a warrant or unless there are certain exigent circumstances (such as a concern that the suspect will destroy evidence). See Georgia v. Randolph, 547 U.S. 103, 118 (2006). This is true even if another tenant gives consent for the police to enter and search. Id. In Randolph, police were called to the home of an estranged married couple. The husband refused an officer's request for permission to search the house, but the wife granted it and led the officers to the husband's bedroom, where they found drug paraphernalia. Randolph held that a warrantless *search* of a home is *per se* unreasonable when one of the tenants, who is physically present, refuses consent for the police to enter and search. But the Randolph decision itself acknowledged that, even absent exigent circumstances, the police may sometimes enter (not search) a dwelling, such as when a suspected domestic violence victim asks for assistance:

> No question has been raised, or reasonably could be, about the authority of the police to enter a dwelling to protect a resident from domestic violence; so long as they have good reason to believe such a threat exists, it would be silly to suggest that the police would commit a tort by entering, say, to give a complaining tenant the opportunity to collect belongings and get out safely, or to determine whether violence (or threat of violence) has just occurred or is about to (or soon will) occur, however much a spouse or other co-tenant objected.

3

Id. at 118.  Although this language from the Supreme Court is *dicta*, plaintiff has not cited any precedent to the contrary, and this Court finds it persuasive.

Here, the CCRB report, incorporated into the pleadings, states that the address of the apartment where the disputed entry occurred was listed as plaintiff's wife's address on both her identification and the complaint report that led to plaintiff's arrest the day before the disputed entry.  The CCRB report also states that plaintiff's wife had keys to the apartment (in her version of the events as recited in the CCRB report, she unlocked the apartment door and let the police enter).  According to the CCRB report, plaintiff's wife had a protective order against plaintiff at the time she asked the police to accompany her to the apartment and plaintiff had been arrested the day before for allegedly assaulting and harassing her.

Based on these facts, plaintiff's wife had apparent authority over the apartment, and it was reasonable for the police to conclude that she was a resident.  Cf. Baines v. City of New York, No. 10-CV-9545, 2015 WL 3555758, at *7 (S.D.N.Y. June 8, 2015) (concluding Randolph's dicta about potential domestic-violence victims does not apply where the party does not have actual or apparent common authority over the residence).  The protective order and plaintiff's arrest the day before gave the police "reason to believe" a domestic-violence threat existed.

Because the police officers had reason to believe that there was a domestic-violence threat, and because plaintiff's ex-wife had apparent authority over the residence and asked the police to accompany her inside, the officers did not commit a constitutional tort by entering plaintiff's residence despite his explicit refusal and by remaining in the residence while plaintiff's ex-wife collected her belongings.

Officer Titterton's [8] motion to dismiss is GRANTED.  The Clerk is directed to enter

judgment accordingly.

**SO ORDERED.**


_____
U.S.D.J.


Dated:  Brooklyn, New York
       May 21, 2018